IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

---

UNITED STATES OF AMERICA

   Plaintiff

  v.

             3:16-cr-00800-GAG-1

JOHN MICHAEL GARCIA MOJICA

   Defendant

---

CHANGE OF PLEA HEARING

Was held Before HONORABLE US MAGISTRATE JUDGE BRUCE J. MCGIVERIN, sitting in San Juan, Puerto Rico, on June 22, 2017 at 9:29 a.m.

1   APPEARANCES:
2
3   FOR THE GOVERNMENT:
4   JUAN C. REYES, AUSA
5
6   FOR THE DEFENDANT:
7   YASMIN IRIZARRY, AFPD
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1            THE MAGISTRATE: Call the case, please.

2            THE CLERK: Criminal Case 16-800, USA versus John

3    Michael Garcia Mojica for a Change of Plea Hearing.  On

4    behalf of the Government, AUSA Juan Reyes.  On behalf of the

5    Defendant, Counsel Yasmin Irizarry.  Defendant is present in

6    court and is being assisted by a certified court

7    interpreter.

8            MR. REYES: Good morning, Your Honor. Juan Reyes on

9    behalf of the United States. The Government is ready to

10   proceed.

11           MS. IRIZARRY: Good morning, Your Honor, Yasmin

12   Irizarry on behalf of Mr. Garcia Mojica and we're ready to

13   proceed for the Change of Plea Hearing.

14           THE MAGISTRATE: Good morning, Mr. Garcia. I

15   understand you intend to plead guilty to Counts 1 and 2 of

16   the indictment. Also, that you agree to have this hearing

17   held before a Magistrate Judge.

18      I have to ask several questions to make sure you've

19   taken this decision voluntarily and that you fully

20   understand the charges, your rights and the consequences of

21   your decision.

22      The questioning will be under oath and that means your

23   answers must be truthful, otherwise you may be charged with

24   perjury or making a false statement. If there's something

25   you don't understand, please ask your attorney and I'm sure

1  she will provide any explanation you need. So, do you
2  understand everything so far?
3            THE DEFENDANT: Yes.
4            THE MAGISTRATE: Please place Mr. Garcia under
5  oath.
6            (The defendant was duly sworn.)
7            THE MAGISTRATE: Please tell me your full name.
8            THE DEFENDANT: John Michael Garcia Mojica.
9            THE MAGISTRATE: How old are you?
10           THE DEFENDANT: Twenty-five.
11           THE MAGISTRATE: How far did you go in school?
12           THE DEFENDANT: Twelfth grade.
13           THE MAGISTRATE: What is your occupation, if any?
14           THE DEFENDANT: None.
15           THE MAGISTRATE: Have you recently received
16 treatment for a mental or emotional condition or a narcotics
17 addiction?
18           THE DEFENDANT: Yes.
19           THE MAGISTRATE: For what condition?
20           THE DEFENDANT: Mental and addiction.
21           THE MAGISTRATE: Okay. Have you taken any
22 medication for any mental condition?
23           THE DEFENDANT: Yes.
24           THE MAGISTRATE: What medicine?
25           THE DEFENDANT: Alprazolam.

1 THE MAGISTRATE: Okay. Have you had any of that
2 medicine in the last twenty-four hours?
3 THE DEFENDANT: No.
4 THE MAGISTRATE: Have you had any other drugs or
5 medicine or alcohol or pills in the last twenty-four hours?
6 THE DEFENDANT: No.
7 THE MAGISTRATE: Have you received a copy of the
8 indictment?
9 THE DEFENDANT: Yes.
10 THE MAGISTRATE: Were you able to fully discuss
11 with your attorney the charges and the case in general?
12 THE DEFENDANT: Yes.
13 THE MAGISTRATE: Have you discussed with your
14 attorney the purpose of today's hearing?
15 THE DEFENDANT: Yes.
16 THE MAGISTRATE: In your own words, what is the
17 purpose of this hearing?
18 THE DEFENDANT: Plead guilty.
19 THE MAGISTRATE: Are you fully satisfied with your
20 attorney and the advice and representation that you've
21 received so far?
22 THE DEFENDANT: Yes.
23 THE MAGISTRATE: Counsel, do you believe your
24 client is competent to enter a plea and do you believe he's
25 understood your explanations regarding the charges and the

1 case in general?

2       MS. IRIZARRY: Yes as to both, Your Honor.

3       THE MAGISTRATE: Does the Government have any

4 doubts as to the defendant's competence to plead?

5       MR. REYES: No, Your Honor.

6       THE MAGISTRATE: I find Mr. Garcia is competent to

7 plead and that he is aware of the purpose of the hearing.

8 Now, I have to ask some questions about your agreement to

9 have this hearing held before a Magistrate Judge and that

10 means I need to explain something to you.

11   In this court there are two types of judges. First, is

12 what we call a District Judge and second is what we call a

13 Magistrate Judge. You have the right to have this hearing

14 that we're having right now held before a District Judge. Do

15 you understand that?

16       THE DEFENDANT: Yes.

17       THE MAGISTRATE: I am not a District Judge. I'm a

18 Magistrate Judge and our authority is more limited. So, I

19 have to ask you, if you agree to let me, a Magistrate Judge,

20 hold this hearing.

21       THE DEFENDANT: Yes.

22       THE MAGISTRATE: And you waive your right to have

23 this hearing held before a District Judge.

24       THE DEFENDANT: Yes.

25       THE MAGISTRATE: I understand you signed a paper

1   and this paper also says you agree to let a Magistrate Judge

2   hold this hearing. But please look at this paper and tell me

3   if you, in fact, signed it.

4           THE DEFENDANT: Yes.

5           THE MAGISTRATE: Did your attorney explain this

6   paper and translated it to Spanish before you signed it?

7           THE DEFENDANT: Yes.

8           THE MAGISTRATE: I find Mr. Garcia has been advised

9   of his right to proceed before a District Judge and that he

10  voluntarily waives that right under advice of counsel and

11  consents to proceed before a Magistrate Judge and I'm

12  approving that consent. Now, counsel, is there any Plea

13  Agreement or promises made in exchange for the guilty plea?

14          MS. IRIZARRY: No, Your Honor.

15          THE MAGISTRATE: It's a straight plea?

16          MS. IRIZARRY: Yes, Your Honor.

17          THE MAGISTRATE: Mr. Garcia, has anyone threatened

18  you or attempted in any way to force you to plead guilty or

19  offered you money or something else of value in exchange for

20  your plea?

21          THE DEFENDANT: No.

22          THE MAGISTRATE: Are you pleading guilty of your

23  own free will because you are, in fact, guilty?

24          THE DEFENDANT: Yes.

25          THE MAGISTRATE: Are you aware that the offenses

1  you are pleading guilty to are felonies and if your plea is
2  accepted, that may deprive you of valuable civil rights such
3  as the right to vote, the right to hold public office, the
4  right to serve on a jury and the right to possess a firearm?
5          THE DEFENDANT: Yes.
6          THE MAGISTRATE: Have you and your attorney
7  discussed what are the maximum penalties for the offenses
8  you're pleading guilty to?
9          THE DEFENDANT: Yes.
10         THE MAGISTRATE: Both of these offenses carry a
11 maximum prison term of ten years, as well as a fine of up to
12 two hundred and fifty thousand dollars and a supervised
13 release term of up to three years. Are you aware of that?
14         THE DEFENDANT: Yes.
15         THE MAGISTRATE: Are you also aware that the Court
16 must impose a special monetary assessment of one hundred
17 dollars per count against you?  That's a total of two
18 hundred dollars.
19         THE DEFENDANT: Yes.
20         THE MAGISTRATE:  I mentioned supervised release.
21 Supervised release is a term of supervision you will have to
22 serve after you are released from prison. If you do not
23 comply with the terms of supervision, your supervised
24 release may be revoked and you may be required to serve an
25 additional prison term up to the full time of supervised

1  release. Do you understand that?

2  THE DEFENDANT: Yes.

3  THE MAGISTRATE: As a further consequence of your
4  guilty plea, the Court may enter an order of forfeiture
5  requiring you to forfeit to the Government any firearm and
6  ammunition involved in these offenses. Do you understand and
7  agree to that?

8  THE DEFENDANT: Yes.

9  THE MAGISTRATE: In deciding your sentence, the
10  District Judge is required to consider but not necessarily
11  follow, what we call the Sentencing Guidelines. Have you and
12  your attorney talked about how the guidelines might apply in
13  your case?

14  THE DEFENDANT: Yes.

15  THE MAGISTRATE: The Court must also consider
16  certain statutory sentencing factors and these factors
17  include: The seriousness of the offenses, the need for
18  deterrence of criminal conduct, the need to protect the
19  public from further crimes, the need to provide the
20  defendant with needed educational or vocational training or
21  medical care and the need to provide restitution to any
22  victims. So, are you aware that the Court will consider all
23  of these matters in deciding your sentence?

24  THE DEFENDANT: Yes.

25  THE MAGISTRATE: And are you fully aware that any

1 sentence the Court imposes may be different from any
2 estimate your attorney may have given you?
3       THE DEFENDANT: Yes.
4       THE MAGISTRATE: And if you receive a sentence
5 higher than you would expect, then you would not be allowed
6 to withdraw your guilty plea for that reason.
7       THE DEFENDANT: Yes.
8       THE MAGISTRATE: Parole has been abolished in the
9 federal system and that means that if you are sentenced to
10 prison, you would have to serve your sentence and you will
11 not be released on parole. Do you understand that?
12       THE DEFENDANT: Yes.
13       THE MAGISTRATE: I advise you that you do not have
14 to plead guilty. You have the right to continue to plead not
15 guilty and if you do so, you would have the right to a
16 speedy and public trial by jury and at trial you would be
17 presumed innocent and the Government would have to prove
18 your guilt beyond a reasonable doubt and you would have the
19 right to an attorney and if you are unable to afford an
20 attorney, the Court will continue to appoint one to
21 represent you in your trial.
22     And, at trial you would have the right to see and hear
23 all of the witnesses against you and have them cross-
24 examined by your attorney and you would have the right to
25 the issuance of subpoenas or compulsory process to compel a

1  witness to attend and appear.

2      You would also have the right -- excuse me. You would
3  also have the right at trial to testify in your own behalf.
4  But, you would also -- again, you would have the right not
5  to testify if you elected not to, and if you decided not to
6  testify, that fact could not be used against you to
7  establish your guilt.

8      And, at trial a Jury would have to return a unanimous
9  verdict before you could be found guilty or not guilty.

10     Now, my question to you is, do you understand you have
11 the right to go to trial and do you understand these other
12 rights I mentioned?

13         THE DEFENDANT: Yes.

14         THE MAGISTRATE: And are you fully aware that if
15 you plead guilty there will be no trial and you will be
16 adjudged guilty without a trial and you would be waiving
17 your right to trial and waiving these other rights I
18 mentioned?

19         THE DEFENDANT: Yes.

20         THE MAGISTRATE: Count 1 of the indictment charges
21 you with illegal possession of a firearm by a convicted
22 felon in violation of Title 18, United States Code, Section
23 922(g)1.

24     In particular, Count 1 charges that on or about
25 December 13, 2016 in Puerto Rico; that you, having been

1  convicted in court of a crime punishable by imprisonment for
2  a term exceeding one year, did knowingly and unlawfully
3  possessed in and affecting interstate or foreign commerce, a
4  firearm and ammunitions; that is a Glock pistol, Model 17,
5  caliber nine millimeter with an obliterated serial number
6  and two high capacity magazines and forty-seven rounds of
7  nine millimeter ammunition and that this firearm and
8  ammunition had been shipped and transported in interstate or
9  foreign commerce.
10     Now, that's what you're charged with in Count 1. Is
11 that one of the offenses you wish to plead guilty to?
12          THE DEFENDANT: Yes.
13          THE MAGISTRATE: Before you could be convicted of
14 Count 1, the Government would have to prove certain facts or
15 elements against you beyond a reasonable doubt. Number one,
16 the Government would have to prove that on some date prior
17 to December 13, 2016, you had been convicted of a crime
18 punishable by imprisonment for a term exceeding one year.
19     Next, the Government would have to prove that on or
20 about December 13, you knowingly and unlawfully possessed
21 the firearm and ammunition described in Count 1 and these
22 words, knowingly and unlawfully means that you did this on
23 purpose and that you knew what you were doing and you did
24 not commit this act by mistake, by accident our out of
25 ignorance.

1      And finally, the Government would have to prove this

2  firearm had been shipped and transported in interstate or

3  foreign commerce. So, do you understand everything the

4  Government has to prove against you beyond a reasonable

5  doubt in order for you to be convicted of Count 1?

6           THE DEFENDANT: Yes.

7           THE MAGISTRATE: Do you understand what you're

8  charged with in Count 1?

9           THE DEFENDANT: Yes.

10           THE MAGISTRATE: Count 2 charges you with illegal

11  possession of a machine gun in violation of Title 18, United

12  States Code, Section 922(o). In particular, Count 2 charges

13  that on or about December 13, 2016, in Puerto Rico; that you

14  did knowingly and unlawfully possess a machine gun; that is

15  a Glock pistol, Model 17 caliber nine millimeter with an

16  obliterated serial number modified to shoot automatically

17  more than one shot without the manual reloading, by a single

18  function of the trigger.

19     So, that's what you're charged with in Count 2. Is that

20  another one of the offenses you with to plead guilty to?

21           THE DEFENDANT: Yes.

22           THE MAGISTRATE: Before you can be convicted of

23  Count 2, the Government, again, would have to prove certain

24  facts or elements against you beyond a reasonable doubt.

25   First, the Government would have to prove that on or about

1  the date mentioned, December 13, 2016, you possessed a
2  firearm that is described in Count 2.
3      Next, the Government would have to prove that this
4  firearm was a machine gun, namely that it could shoot
5  automatically more than one shot without manual reloading by
6  a single function of the trigger. And finally, the
7  Government would have to prove that you did this knowingly.
8      So, do you understand everything the Government has to
9  prove against you beyond a reasonable doubt in order for you
10 to be convicted of Count 2?
11          THE DEFENDANT: Yes.
12          THE MAGISTRATE: Do you understand what you're
13 charged with in Count 2?
14          THE DEFENDANT: Yes.
15          THE MAGISTRATE: At this point I would like the
16 Government to please summarize the factual basis for these
17 offenses and the evidence the Government would present if
18 this case went to trial.
19          MR. REYES: Yes, Your Honor. If this case had gone
20 to trial, the Government would have proven beyond a
21 reasonable doubt that on or about December 13, 2016, in the
22 District of Puerto Rico, the defendant, having been
23 previously convicted in a court of a crime punishable by
24 imprisonment for a term exceeding one year, did knowingly
25 and unlawfully possessed in and affecting interstate or

1  foreign commerce a firearm and ammunition.

2  　　　The defendant knew at that time that the firearm in
3  question, a Glock pistol, was modified to shoot more than
4  one round of ammunition without manual reloading by a single
5  function of the trigger.

6  　　　More specifically, on the aforementioned date, Puerto
7  Rico Police Department agents saw a car being driven with a
8  flat tire and with the hazards light on. The car was
9  occupied by two individuals and the defendant who was
10 sitting in the back seat.

11 　　　A PRPD agent ordered the driver to park the car so the
12 agents could provide assistance. The driver parked the car
13 and the occupants exited the vehicle. PRPD agents observed
14 that as the defendant was exiting the car, he dropped on the
15 ground a thirty round Glock pistol magazine which he then
16 unsuccessfully tried to conceal with his shoes.

17 　　　The defendant then picked the magazine up from the
18 ground. PRPD agents placed him under arrest. While searching
19 the defendant incident to the arrest, a PRPD officer
20 retrieved from his right pocket a Glock high capacity
21 magazine similar to the one the defendant had dropped on the
22 ground.

23 　　　On the defendant's left front pocket, officers found
24 another high capacity Glock magazine and in the front area
25 of the defendant's waist, officers found a nine millimeter

1  caliber Glock pistol, Model 17 with obliterated serial
2  number loaded with one round in the chamber.
3         The two magazines seized contained forty-six rounds of
4  nine millimeter caliber ammunition. During his custodial
5  interview, the defendant admitted to the agents, federal
6  agents, that the firearms seized belong to him and that he
7  purchased it for a thousand dollars with the serial number
8  removed and modified to fire in automatic.
9         He admitted that he dropped the magazine on the ground
10 and that he picked it up as the PRPD officer was approaching
11 him.
12        No firearms or ammunition are manufactured in Puerto
13 Rico, therefore the aforementioned firearm and ammunition
14 were shipped or transported in interstate or foreign
15 commerce. The Government provided full discovery in this
16 case.
17              THE MAGISTRATE: Is there evidence of a prior
18 conviction?
19              MR. REYES: There is, Your Honor. He has a prior
20 conviction for a term exceeding one year. Specifically, he
21 has a firearm violations under Puerto Rico law.
22              THE MAGISTRATE: All right. Counsel, did you
23 receive discovery?
24              MS. IRIZARRY: Yes, we have, Your Honor.
25              THE MAGISTRATE: Mr. Garcia, you heard the facts

1   and the evidence the prosecutor claims the Government has
2   against you. Do you agree with and admit to all of the facts
3   the prosecutor just described?
4              MS. IRIZARRY: Your Honor, considering that this is
5   a straight plea, my client will be only accepting the
6   elements of the offenses.
7              THE MAGISTRATE: Okay. Mr. Garcia, do you admit
8   that prior to December 13, 2016 you had been convicted of a
9   crime punishable by imprisonment for a term exceeding one
10  year?
11             THE DEFENDANT: Yes.
12             THE MAGISTRATE: And you also admit that on or
13  about that date, December 13, you possessed the firearm and
14  ammunition that's described in Counts 1 and 2.
15             THE DEFENDANT: Yes.
16             THE MAGISTRATE: And you also admit that that
17  firearm, that Glock pistol, had been modified to shoot
18  automatically more than one shot by a single function of the
19  trigger.
20             THE DEFENDANT: Yes.
21             THE MAGISTRATE: And you admit that you knew this.
22             THE DEFENDANT: Yes.
23             THE MAGISTRATE: And you also admit that this
24  firearm and ammunition had been shipped and transported in
25  interstate or foreign commerce.

```
 1                THE DEFENDANT:  Yes.
 2                THE MAGISTRATE:  Okay. How do you plead as to Count
 3    1 of the indictment; that's the possession of a firearm by a
 4    convicted felon, guilty or not guilty?
 5                THE DEFENDANT:  Guilty.
 6                THE MAGISTRATE:  And how do you plead as to Count
 7    2; that's the machine gun charge, guilty or not guilty?
 8                THE DEFENDANT:  Guilty.
 9                THE MAGISTRATE:  I find Mr. Garcia is fully
10    competent and capable of entering an informed plea and that
11    he's aware of the nature of the charges and the consequences
12    of the plea and that the plea of guilty is a knowing and
13    voluntary plea supported by an independent basis in fact
14    containing each of the essential elements of the offenses.
15        I will therefore issue a Report and Recommendation that
16    a plea of guilty be entered as to Counts 1 and 2 of the
17    indictment. The Probation Officer will prepare a Pre-
18    Sentence Investigation Report to help the Judge at
19    sentencing.
20        I ask that you assist the Probation Officer and provide
21    the information requested. Your attorney may be present
22    during your interview with the Probation Officer if you so
23    request.  Mr. Garcia will remain detained pending
24    sentencing. A Sentencing Hearing has been set before Judge
25    Gelpi for October 24, 2017 at 9:00 a.m.
```

1          So, is there anything else as to this case?
2               MS. IRIZARRY: Nothing further, Your Honor,
3    permission to withdraw.
4               (The hearing adjourned at 9:47 a.m.)
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
1  U.S. DISTRICT COURT    )
2  DISTRICT OF PUERTO RICO)
3
4      I certify that this transcript consisting of 20 pages
5  is a true and accurate transcription to the best of my
6  ability of the proceedings in this case before the Honorable
7  U.S. Magistrate Judge, Bruce J. McGiverin, on June 22, 2017.
8
9
10 S/Boabdil Vazquetelles
11 Court Reporter
```